UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

**GREGORY JOHN KATOPODIS,**
  Petitioner,

**v.**

**UNITED STATES OF AMERICA,**
  Respondent.

**Case No. 2:24-cv-8016-CLM**
**(2:08-cr-418-CLM-GMB)**

## MEMORANDUM OPINION

  Gregory John Katopodis moves to vacate, set aside, or otherwise correct his sentence under 28 U.S.C. § 2255. (Doc. 1). For the reasons explained below, the court **WILL DISMISS** this action **WITHOUT PREJUDICE** for lack of jurisdiction.

### BACKGROUND

  1. <u>Katopodis' conviction</u>: On July 1, 2009, a jury found Katopodis guilty of four counts of honest services mail fraud and 92 counts of honest services wire fraud. (*See* Doc. 58 in Case No. 2:08-cr-418). The court sentenced Katopodis to a term of 46 months' imprisonment and 36 months' supervised release. (Doc. 101 in Case No. 2:08-cr-418). Katopodis appealed his conviction and sentence, and the Eleventh Circuit affirmed. (Doc. 120 in Case No. 2:08-cr-418). On October 31, 2011, the Supreme Court denied Katopodis' petition for writ of certiorari. (Doc. 123 in Case No. 2:08-cr-418).

  2. <u>2255 motions</u>: Katopodis filed his first § 2255 motion on October 29, 2012. (*See* Doc. 1 in Case No. 2:12-cv-8047). The court denied Katopodis' motion and did not issue a certificate of appealability. (Docs. 18 & 19 in Case No. 2:12-cv-8047). The court also denied Katopodis' motion to reconsider. (Docs. 22 & 23 in Case No. 2:12-cv-8047). Katopodis filed his second § 2255 motion on May 14, 2024. (Doc. 1, p. 85).

## DISCUSSION

1. <u>Venue</u>: In his second § 2255 motion, Katopodis asks the court to transfer this case to the District Court for the District of Massachusetts. A motion to vacate, set aside, or correct a sentence must be filed in the "court which imposed the sentence." 28 U.S.C. § 2255(a). So this district has exclusive jurisdiction over Katopodis' motion, and the court cannot transfer the motion to the District of Massachusetts. *See Owensby v. Clark*, 451 F.2d 206, 207–09 (5th Cir. 1971).

Katopodis also suggests that no judge in this district could be impartial in ruling on his motion. A judge must recuse himself "in any proceeding in which his impartiality might be reasonably questioned." 28 U.S.C. § 455(a). He must also recuse if "he has personal bias or prejudice" against a party. 28 U.S.C. § 455(b). I was not a judge when Katopodis was convicted and sentenced, nor did I even reside in this district at the time. And I have no extra-judicial knowledge of Katopodis or his criminal case. So I find that there is no reason for me to recuse from ruling on Katopodis' motion.

2. <u>Jurisdiction</u>: Having reviewed Katopodis' motion and the record, the court finds that it lacks jurisdiction over Katopodis' motion for two reasons. First, this is not Katopodis' first § 2255 motion. And Katopodis must obtain authorization from the Eleventh Circuit to file a second or successive motion before this court can consider the motion. *See* 28 U.S.C. §§ 2255(h), 2244(b)(3)(A). Nothing in the record suggests that Katopodis has received this authorization. Thus, the court finds that it lacks jurisdiction to consider the merits of Katopodis' motion.

Second, only a "prisoner in custody under sentence of a [federal] court" may file a § 2255 motion. *See* 28 U.S.C. § 2255(a). According to the Bureau of Prisons, Katopodis was released from BOP custody on November 2, 2012. *See* https://www.bop.gov/inmateloc/. Katopodis' 36-month term of supervised release has also expired. *See United States v. Brown*, 117 F.3d 471, 475 (11th Cir. 1997) (Person serving term of supervised release is "in custody" under § 2255(a)). Because Katopodis "suffers no present restraint" from his federal conviction, he does not satisfy the "in custody" requirement for filing a § 2255 motion. *See Maleng v. Cook*, 490 U.S. 488, 492 (1989).

## CONCLUSION

For these reasons, the court will **DISMISS WITHOUT PREJUDICE** Katopodis' motion to vacate, set aside, or correct his sentence (doc. 1) for lack of jurisdiction and close this case.

Rule 11 of the Rules Governing § 2255 Proceedings requires the court to "issue or deny a certificate of appealability when it enters a final order adverse to the applicant." *See* Rule 11, Rules Governing § 2255 Proceedings. The court may issue a certificate of appealability "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To make this showing, a "petitioner must demonstrate that a reasonable jurist would find the district court's assessment of the constitutional claims debatable or wrong," *Slack v. McDaniel*, 529 U.S. 473, 484 (2000), or that "the issues presented were adequate to deserve encouragement to proceed further," *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003) (internal quotations omitted). The court finds that Katopodis' claims fail to satisfy either standard. So to the extent that dismissal of this case requires the court to rule on the certificate of appealability issue, the court will not issue a certificate of appealability.

The court will enter a separate final order that carries out this ruling and closes this case.

**Done** on June 20, 2024.

_____
**COREY L. MAZE**
UNITED STATES DISTRICT JUDGE